IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 2, 2010

## KENNETH L. ANDERSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dyer County**
**No. C07-83     R. Lee Moore, Judge**

**No. W2009-02221-CCA-R3-PC   -   Filed March 25, 2010**

The petitioner, Kenneth L. Anderson, appeals the denial of his petition for post-conviction relief, arguing that he received the ineffective assistance of elbow counsel. After review, we affirm the post-conviction court's denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Danny H. Goodman, Jr., Tiptonville, Tennessee, for the appellant, Kenneth L. Anderson.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The trial transcript was not included in the record on appeal. However, the recitation of the circumstances of the offense from the presentence report reveal that the petitioner attempted to return a television to Walmart for a refund. Store officials determined that there was no record of the television having been sold, and security tapes showed the petitioner entering the store without a television in his possession.

As a result, the petitioner was indicted and convicted of theft of property over $500, a Class E felony. Apparently, the petitioner reached an agreement on an unrelated case, as part of which he waived his right to appeal in the theft case and was sentenced to three years

in the Department of Correction as a multiple offender. He then filed a *pro se* petition for post-conviction relief, and after the appointment of counsel, an amended petition was filed.

At the post-conviction evidentiary hearing, the petitioner testified that he represented himself on the theft case but was appointed elbow counsel to assist him throughout the process. He said that he had to prepare for trial from jail because his bond was twice revoked due to his being arrested on other charges and he could not afford to post another bond. The petitioner stated that he did not have adequate access to resources in jail that he needed to defend himself. He admitted that elbow counsel visited him in jail but "not as [he] needed him." He talked to elbow counsel a total of three times in eleven months.

The petitioner testified that elbow counsel told him that he was going to bring him videotapes from the State concerning the theft, but elbow counsel instead sent the videotapes via an officer and he had to watch them alone. The petitioner stated that he called elbow counsel at least fifty times and left messages, but counsel did not return his calls and only visited him after a hearing date.

The petitioner testified that the only legal research materials he had available were an outdated Tennessee Code Annotated volume 7A book and an outdated Rules of Court book. He said that he asked elbow counsel to bring him books to aid in his research, but counsel never did. He said he was unable to Shepardize cases or prepare an updated defense due to his lack of research materials. He stated that he particularly needed updated volumes 7 and 7A books. The petitioner said that he also asked for envelopes, writing paper, and stamps from the jail staff and requested to speak with the district attorney general, but his requests were denied.

The petitioner testified that elbow counsel showed him a plea offer from the State but said that it was not the same as the one he eventually received. The petitioner also asked elbow counsel for any discovery from the State, but counsel gave him the same package three times. The petitioner said that had he had the requested research materials, he would have known how to file a motion requesting Walmart's surveillance tapes which would have proven his innocence.

On cross-examination, the petitioner testified that he wanted to represent himself because "nobody [can] present your case better than you can." However, he said that he needed elbow counsel's assistance throughout the process. The petitioner also contended that he was indicted on the theft of property but convicted of theft of merchandise.

Robert Parrish, Administrator of the Dyer County Jail, testified that the jail's small library contained a few legal materials, including the Tennessee Code Annotated volume 7

book.  Parrish said that the petitioner had turned in request forms which were handled by Paul Forrester.  Parrish stated that the jail makes accommodations for inmates to review videotapes or audiotapes when preparing for a case.  He said that there is Internet access at the jail, but inmates are not allowed access to it.  Parrish explained, however, that had the petitioner requested a specific form from the Internet, Forrester would have printed it for him.

Paul Forrester, a volunteer at the Dyer County Jail and coordinator of inmate programs for the Dyer County Sheriff's Department, testified that he handled the inmate requests at the jail.  Forrester recalled that the petitioner filed many special requests for legal materials, and he answered those requests the best he was able.  Forrester said that the library had volumes 7 and 7A of the Tennessee Code Annotated for the years 1990, 1993, and 1997.

At the conclusion of the hearing, the post-conviction court denied the petitioner relief.  The court recalled that it admonished the petitioner during his various court appearances that he should be represented by an attorney.  The court noted that the petitioner did raise a proper objection to the jury charge at trial, but he waived his right to appeal and that issue had to be pursued on direct appeal.  The court found that even taking the petitioner's claims against elbow counsel as true, the petitioner failed to establish prejudice.

## ANALYSIS

On appeal, the petitioner argues that he received the ineffective assistance of elbow counsel.  The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence.  See Tenn. Code Ann. § 40-30-110(f) (2006).  When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them.  See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996).  Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence.  See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997).  However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness.  See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998).  The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact.  See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding.  Strickland v. Washington, 466 U.S.

668, 687, 104 S. Ct. 2052, 2064 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S. Ct. at 2064.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The petitioner contends that elbow counsel's deficient performance plus his lack of access to necessary legal materials resulted in prejudice to his case. The petitioner's argument that elbow counsel rendered deficient performance is without merit. However, as to this claim, the post-conviction found that the petitioner failed to show that he had been prejudiced by the performance of elbow counsel. The record supports this determination.

The petitioner has also failed to prove how his lack of access to updated legal materials or any deficiency on the part of elbow counsel prejudiced his case. The only prejudice the petitioner enunciated at the post-conviction hearing was that had he known how to file a motion for discovery, he would have been able to review Walmart's surveillance tapes which would had proven his innocence. However, the petitioner testified at the evidentiary hearing that counsel sent him videotapes via an officer and he reviewed them. Moreover, the petitioner did not present those tapes at the evidentiary hearing to illustrate how they would have proven his innocence. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Furthermore, the trial record was not included in the record before us, making it impossible to determine whether the outcome of the petitioner's trial

could have been affected.

## <u>CONCLUSION</u>

Based on the foregoing authorities and reasoning, we affirm the post-conviction court's denial of post-conviction relief.

_____
ALAN E. GLENN, JUDGE